UNITED STATES COURT OF APPEALS

October 22, 2008

TENTH CIRCUIT

ROBERT MARK STEPHENS,

        Petitioner - Appellant,

v.

DAVID MILLER, Warden,

        Respondent - Appellee.

No. 08-5034
(N.D. Okla.)
(D.C. No. 04-CV-00900-HDC-SAJ)

## ORDER DENYING CERTIFICATE OF APPEALABILITY, AND DISMISSING APPEAL

Before **O'BRIEN**, **McKAY**, and **GORSUCH**, Circuit Judges.

Robert Mark Stephens, a state inmate appearing *pro se* and *in forma pauperis* (*ifp*),[1] seeks a certificate of appealability (COA) to appeal from the district court's denial of his habeas corpus petition filed pursuant to 28 U.S.C. § 2254.[2]  Because he has not "made a substantial showing of the denial of a

---

[1] We liberally construe Stephens' *pro se* pleadings. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

[2] Because Stephens did not expressly request a COA, we deem his notice of appeal a request for a COA. *See* Fed. R. App. P. 22(b)(2).  We directed the parties to file briefs addressing whether Stephens' notice of appeal was timely as it was file-stamped one day after the appeal deadline.  After briefing, we are satisfied the notice of appeal was timely under the prison mailbox rule. *See Price*

constitutional right," 28 U.S.C. § 2253 (c)(2), we deny a COA.

## I. Background

Stephens, wearing a hat with hair sewn into it, approached Vernon Coleman in a parking lot with a loaded firearm as Coleman was retrieving items from his vehicle. After taking Coleman's keys and wallet, Stephens ordered Coleman to open the vehicle's trunk and get inside. Coleman opened the trunk and ran. Stephens got into Coleman's vehicle and drove approximately one block down the road to a gas station. Coleman's neighbors called the police. Using a surveillance helicopter, the police located Stephens in Coleman's vehicle at the gas station. Two officers apprehended Stephens, finding Coleman's wallet and a loaded .38 caliber revolver in his pockets. They also recovered a hat with fake hair sewn into it (which one of the officers saw Stephens remove from his head and throw to the ground) near Coleman's vehicle.

Stephens was charged in Oklahoma state court with first degree robbery (Count I) and attempted kidnapping (Count II). The jury found Stephens guilty of both counts and recommended punishment of 15 years imprisonment on Count I

---

*v. Philpot*, 420 F.3d 1158, 1163-64 (10th Cir. 2005) (under the prison mailbox rule, "a pro se prisoner's notice of appeal will be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the documents"); *see also* Fed. R. App. P. 4(c)(1) (incorporating the prison mailbox rule for an inmate's "notice of appeal in either a civil or a criminal case").

and 1 year imprisonment on Count II.  The court imposed the sentences recommended by the jury, directing they run consecutively.  Stephens' subsequent pro se motion for new trial was denied.

On direct appeal, the Oklahoma Court of Criminal Appeals (OCCA) modified Stephens' sentences to run concurrently but otherwise denied relief.  Stephens filed a petition and amended petition for post-conviction relief; both were denied.  The OCCA denied his subsequent appeal.

Stephens filed a § 2254 petition with the district court claiming: (1) the denial of due process based on his absence from a hearing at which the court determined he had regained competency; (2) ineffective assistance of trial counsel and (3) ineffective assistance of appellate counsel based upon counsel's failure to raise on direct appeal the denial of due process and the ineffectiveness of trial counsel claims.  The State responded, arguing Stephens' claims were either (1) not entitled to habeas review because they were determined by the state court to be procedurally barred on independent and adequate state grounds or (2) without merit because the state court's adjudication of them was neither contrary to nor an unreasonable application of clearly established federal law.  In a detailed thirty-page order, the district court agreed with the State and denied Stephens' petition.  It subsequently denied Stephens' request for a COA but granted him leave to proceed *ifp* on appeal.

## II. Discussion

A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, an applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*.

We have thoroughly reviewed the entire record, including the three volumes

of trial transcripts, Stephens' numerous state court pleadings, the state trial courts' decisions and the district court's painstaking analysis of each of Stephens' claims. We have also reviewed Stephens' opening and supplemental briefs. We agree with the district court that Stephens is not entitled to habeas relief as his claims are either procedurally barred or he failed to show the OCCA's adjudication of them "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Two claims, however, warrant further discussion.

First, Stephens contends he is actually innocent. To support this claim, he refers to the statement of an eyewitness taken by the police on the day of the incident. While "a colorable claim of factual innocence" excuses a petitioner's procedural default allowing consideration of his defaulted claims, the statement fails to carry the day. *See Demarest v. Price*, 130 F.3d 922, 941-42 (10th Cir. 1997) (citations and quotations omitted). Factual innocence means

> it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. Factual innocence requires a stronger showing than that necessary to establish prejudice. The habeas court must make its determination concerning the petitioner's innocence in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial.

*Id.* at 942 (citations and quotations omitted). In his statement, the eyewitness alleges he heard Coleman yell "[h]e's stealing my car," saw Stephens start to drive off in Coleman's vehicle and then ran after the vehicle. (R. Appellant's App. of Exhibits at Ex. 4.) The witness stated he observed Stephens leave Coleman's vehicle in the parking lot and flee in another vehicle. Contrary to Stephens' claim, this statement is not exculpatory. It merely contradicts testimony by state witnesses that Stephens fled the parking lot in Coleman's vehicle and was later apprehended at a gas station. It does not, as Stephens alleged in the district court, show he did not take Coleman's vehicle at gun point.

Second, Stephens claims he proceeded to trial without his competency medications. Initially, Stephens was declared incompetent and sent to Eastern State Hospital. While there, Stephens was prescribed several medications. Six months after his admittance, a hospital doctor reported to the court that Stephens had regained competence. In the hospital discharge report, the doctor stated Stephens was to continue taking his prescribed medications. The record reveals that once returned to jail, the jail ceased providing Stephens several of his medications. Contrary to Stephens' claim, he continued to receive his antipsychotic medication.[3] Stephens' claim that he proceeded to trial without his

_____

[3]At the hospital, Stephens was prescribed Zyprexa, Celebrex, Flexeril, Topamax, Colace and Anusol Suppositories; the jail prescribed Zyprexa, Colace,

competency medication is not supported by the record.

We **DENY** a **COA** and **DISMISS** this nascent appeal.

ENTERED FOR THE COURT

Terrence L. O'Brien
Circuit Judge

---

Metamucil and Motrin. Under Rule 201 of the Federal Rules of Evidence, we take judicial notice that Zyprexa helps manage symptoms of schizophrenia, the manic phase of bipolar disorder and other psychotic disorders; Celebrex treats acute pain and arthritis; Flexeril is a muscle relaxant prescribed to relieve muscle spasms; Topamax is an anti-epileptic drug also used to treat migraines; Anusol treats hemorrhoids; Colace and Metamucil treat constipation; and Motrin treats fever and pain including pain caused by arthritis and migraines. *See* http://www.pdrhealth.com/home/home.aspx.